DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Allstate Insurance, Co., has appealed from the decision of the Akron Municipal Court granting summary judgment to Plaintiff-Appellee Akron Square Chiropractic. This Court affirms.
 I {¶ 2} Plaintiff-Appellee Akron Square Chiropractic ("Akron Square") filed suit against Defendant-Appellant Allstate Insurance Company ("Allstate") on August 9, 2001, alleging that Allstate had committed fraud, interference with business relations, and conspiracy to commit creditor fraud against Akron Square. Allstate denied all of the claims set forth in Akron Square's complaint.
 {¶ 3} The parties stipulated to the following facts.[1] On November 20, 1999, a motor vehicle driven by Adam Creps ("Creps") was struck from behind by a motor vehicle driven by Rosemary Grecni ("Grecni"). Grecni was insured by Allstate. Creps sustained bodily injury in the accident and went to Akron Square for medical treatment. As payment for his medical treatment, Creps assigned his "right to receive proceeds from any settlement with [Grecni's] insurance company or from any ultimately responsible party." The assignment also contained instructions "to any insurance company to pay to [Akron Square] such sums of money as requested."
 {¶ 4} On December 8, 1999, Akron Square sent Allstate a copy of the assignment agreement; Allstate replied by letter "[denying] any responsibility for payment to [Akron Square] despite the written instructions from [Creps] * * *." Allstate paid Creps $865 on April 28, 2000, in exchange for his release of all claims resulting from the accident with Grecni. On December 13, 2000, Allstate notified Akron Square of its settlement with Creps, stating that Akron Square "should seek remuneration from [Creps]" for any medical treatment provided. Akron Square responded by filing suit.
 {¶ 5} Following discovery, Allstate filed a motion for summary judgment on May 9, 2002. Akron Square filed a cross-motion for summary judgment on May 10, 2002. On December 18, 2002, the trial court granted Akron Square's motion and denied Allstate's motion. Allstate has timely appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error
"The trial court erred in granting [akron square's] motion for summary judgment and denying [allstate's] cross-motion for summary judgment, on the basis that the assignment entered into between [akron square] and its patient [creps] is not actionable against allstate because the assignment was created in the absence of a civil action by creps against allstate's insured and prior to the formation of a settlement agreement between creps and allstate; as such the assignment is not actionable against allstate because it was not founded on a `right in being.'"
 {¶ 6} In its sole assignment of error, Allstate has argued that the assignment between Creps and Akron Square was invalid. Specifically, Allstate has argued that Creps was unable to enter into a valid assignment of any potential future proceeds that would flow to him as a result of the automobile accident with Grecni because he had not yet pursued legal action against Grecni and, therefore, did not have a "right in being" at the time of the assignment. We disagree.
 {¶ 7} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. In a motion for summary judgment, the moving party initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. at 292-93. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material fact exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} In the case at bar, Allstate has argued that the trial court erred when it granted summary judgment in favor of Akron Square because Creps' assignment to Akron Square was invalid and, as a result, Allstate was under no obligation to pay Akron Square for Creps' medical treatment. Akron Square has argued that the trial court did not err when it granted its motion for summary judgment because the assignment between Creps and Akron Square was valid, thus giving rise to Allstate's obligation to pay Akron Square.
 {¶ 9} It is clear from the issues presented that this Court must first answer the question of whether the assignment between Creps and Akron Square was valid. It follows that if the assignment was valid, Akron Square was entitled to summary judgment in the instant matter because "reasonable minds can come to but one conclusion" that Allstate was obligated to pay Akron Square for Creps' medical treatment. Temple,50 Ohio St.2d at 327; Civ.R. 56(C).
 {¶ 10} In support of its argument that Creps did not execute a valid assignment, Allstate has argued that, pursuant to R.C.3929.06, an "assignment has to occur after suit is filed, or else it is not actionable against the tortfeasor's insurance company." (Emphasis omitted.) However, this Court has previously held that "[R.C. 3929.06] merely provides a judgment creditor the opportunity to assert a claim for insurance money, if the debtor was insured at the time of the loss." Salem v. Wortman, (Aug. 30, 1978), 9th Dist. No. 8769, at 4. This Court has never construed R.C. 3929.06 as impacting an injured party's right to assign potential or prospective proceeds from claims not yet filed. The statute makes no mention of such a prohibition and we will not stray from our precedent and read such a prohibition into the statute.
 {¶ 11} Furthermore, we have also recognized the right of an injured party to assign "its rights to claims which they might have pursued under [an insurance] policy as a result of [the injured party's] injury." (Emphasis original.) Fiorentino v.Lightning Rod Mut. Ins., Co (Oct. 9, 1996), 9th Dist. No. 17728, at 5, appeal not allowed (1997), 78 Ohio St.3d 1410. Our determination in Fiorentino was based on several principles. First, an insurance policy is a contract between the insurance company and the insured. Nationwide Mut. Ins. Co. v. Marsh
(1984), 15 Ohio St.3d 107, 109. Second, a claim is defined as "the right, * * * to collect or demand payment under [an insurance] policy based upon an incident which had already occurred and for which a claim would thus have already accrued."Fiorentino, supra, at 6. As a result, the assignment of a claim merely vests the assignee with the ability to pursue a claim; it does not alter the contract between the insurer and the insured. Id.
 {¶ 12} Based on the foregoing, we reject Allstate's interpretation of R.C. 3929.06 and its argument that Creps had no "right in being" until he filed suit or obtained a settlement stemming from the accident with Grecni. We find that Creps was not required to have filed suit or obtained judgment against Grecni or Allstate in order to effectuate a valid assignment of potential future insurance proceeds resulting from the accident with Grecni. We further find that Creps' right to assign potential future insurance proceeds arose at the time the accident with Grecni occurred.[2] Therefore, Creps' assignment to Akron Square was valid.
 {¶ 13} Next we turn to the question of whether the trial court erred when it granted summary judgment on behalf of Akron Square. We find the following stipulations dispositive of this question: (1) Creps received medical treatment from Akron Square for injuries he sustained in the accident with Grecni, (2) Allstate insured Grecni, (3) Allstate received proper notice of the assignment between Creps and Akron Square, and (4) Allstate knowingly and intentionally refused to honor the assignment.
 {¶ 14} Based on the foregoing, we find that Allstate was obligated to pay Akron Square for the medical treatment it provided to Creps. We further find that, based on Allstate's own admission that it refused to honor the assignment, "reasonable minds can come to but one conclusion and that conclusion is adverse to [Allstate] * * *[,]" namely that Allstate must pay Akron Square for Creps' medical treatment. See Civ.R. 56(C). Therefore, the trial court did not err when it granted summary judgment to Akron Square. Allstate's assignment of error is without merit.
 III {¶ 15} Allstate's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Carr, P.J., and Slaby, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Slaby, J. Concur.
[1] The record reveals that the parties agreed to submit stipulated facts and briefs on the law, as well as waive a jury trial in the instant matter.
[2] We reach our result in the instant matter not just on sound legal principles, but also on sound public policy principles. As stated in Carter v. Nationwide Ins. Co., (Sept. 19, 2003), Deleware Cty. M.C. No. 03CV1663, unreported, n. 1, allowing injured persons to assign potential future insurance proceeds "promotes timely medical treatment for injured persons otherwise unable to pay, and it avoids needless litigation. [This] reasoning * * * allows indigent tort victims to obtain treatment by securing payment for medical services with an assignment of rights to insurance proceeds to the medical provider without exposing the insurance carrier to any significant risk. * * * [The insurance company's] claim that such assignment should be unenforceable by the assignee would prevent some insured persons from obtaining timely medical treatment, and lead to additional lawsuits by medical providers who elect to provide treatment without `up front' payment, without serving any advantage to any party, including the insurance carrier."