ROSELAWN CHIROPRACTIC CENTER, INC., Appellee,

v.

ALLSTATE INSURANCE COMPANY, Appellant, et al.

[Cite as *Roselawn Chiropractic Ctr., Inc. v. Allstate Ins. Co.*, 160 Ohio App.3d 297, 2005-Ohio-1327.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040306.

Decided March 25, 2005.

Timothy A. Fischer, for appellee.

Baker, Dublikar, Beck, Wiley & Matthews, Daniel J. Funk, and Niki Domenick DiCola, for appellant.

---

MARK P. PAINTER, Judge.

{¶ 1} Defendant-appellant, Allstate Insurance Company, appeals the trial court's determination that defendant Tiffany A. Tate executed a valid assignment to plaintiff-appellee Roselawn Chiropractic Center, Inc., of a portion of Allstate's payment to her of a settlement for damages she sustained in a car accident. We affirm.

## I. Accident and Medical Treatment

{¶ 2} Tate was in a car accident with Helen Stanton, who was insured by Allstate. Tate went to Roselawn Chiropractic Center for medical treatment. Before receiving any treatment, Tate signed a form titled "Assignment." The form stated that Tate was assigning to Roselawn any proceeds that she would receive from a claim against Stanton and Allstate, equal to the cost of her treatment.

{¶ 3} A few months later, after Tate had finished her treatment, Roselawn sent Allstate several documents. Roselawn sent a copy of the assignment form Tate had signed, a paper titled "Notice of Assignment," and an itemized statement of Tate's treatment at Roselawn. Allstate acknowledged receipt of the documents. But when Tate settled her claim with Allstate, Allstate paid all the settlement money directly to Tate.

{¶ 4} Denied any compensation for the medical treatment it had provided to Tate, Roselawn sued both Tate and Allstate. Roselawn received a default judgment against Tate. Allstate claimed that it was not obligated by the assign-

ment that Tate had signed with Roselawn. The trial court concluded otherwise and held that the assignment was valid and that Allstate was liable to Roselawn for the amount of Tate's medical bills.

{¶ 5} Allstate now brings two assignments of error. Allstate argues that the trial court erred when it denied its motions for summary judgment and for a directed verdict. Allstate's reasoning is that there was never a valid assignment between Tate and Roselawn. Whether a valid assignment existed is the sole issue we must decide.

## II. Assignment

{¶ 6} An assignment is a transfer to another of all or part of one's property in exchange for valuable consideration.[1] No particular words are required to create an assignment. Rather, "[a]ny word or transaction which shows an intention on the one side to assign and on the other to receive, if there is a valuable consideration, will operate [to create an assignment]."[2]

{¶ 7} An account debtor, such as Allstate, is authorized to pay the assignor, Tate, until the account debtor receives notification that the account has been assigned and that payment is to be made to the assignee, in this case, Roselawn.[3] The assignee is entitled to exercise collection rights against the account debtor as long as the account debtor "receives (1) an indication that the account has been assigned, (2) a specific direction that the payment is to be made to the assignee rather than the assignor, and (3) a reasonable identification of the rights assigned."[4]

{¶ 8} It is undisputed that Allstate received notification from Roselawn that Tate had assigned to Roselawn the proceeds from any claim against Stanton and Allstate. The assignment itself stated, "I hereby direct any insurance company, attorney or other person who holds or later holds any proceeds from my claim to pay such proceeds directly to Roselawn Chiropractic Center, Inc., up to the outstanding balance of my account." And the right assigned—the right to receive a specific amount of any settlement sum—was clearly identified in the assignment.

---

1. See *Hsu v. Parker* (1996), 116 Ohio App.3d 629, 632, 688 N.E.2d 1099.

2. *Grogan Chrysler–Plymouth, Inc. v. Gottfried* (1978), 59 Ohio App.2d 91, 96, 13 O.O.3d 154, 392 N.E.2d 1283.

3. See *Sur. S. & L. Co. v. Kanzig* (1978), 53 Ohio St.2d 108, 112, 7 O.O.3d 187, 372 N.E.2d 602.

4. *First Bank of Marietta v. Roslovic & Partners, Inc.* (1999), 86 Ohio St.3d 116, 118–119, 712 N.E.2d 703.

{¶ 9} Therefore, we conclude that the document executed by Tate was a valid assignment obligating Allstate to pay Roselawn instead of Tate for the amount of her medical treatment.

{¶ 10} Our conclusion is in accord with that of the Eleventh District Court of Appeals in *Hsu v. Parker*.[5] In *Hsu*, Parker was involved in a car accident and sought medical treatment from Hsu. Before consulting Hsu, Parker had retained an attorney to assist her in suing the party responsible for her injuries. Parker executed a document that granted Hsu a security interest in the proceeds from Parker's pending personal-injury action. The document authorized the attorney to withhold sufficient funds from any settlement, judgment, or verdict to pay Hsu for his services to Parker, and it directed the attorney to pay those funds to Hsu. The attorney acknowledged that he had received the document.

{¶ 11} After Parker had settled her personal-injury action, she instructed the attorney to give her the settlement money and not to pay Hsu's medical fees. The attorney, citing an ethical obligation to his client, did not pay Hsu. Hsu sued both Parker and the attorney.

{¶ 12} The court of appeals determined that the document executed by Parker had clearly created both a security interest and a valid assignment.[6] Therefore, the court held that after he had received notice of the assignment, the attorney, as the obligor, was liable for the money owed the assignee, Hsu. The court stated, "[T]he assignor has no remaining power of release. The obligor must pay the assignee." [7]

{¶ 13} Likewise, in the present case, once Tate had assigned to Roselawn her potential proceeds from a lawsuit, Allstate was obligated to honor the assignment and pay Roselawn the amount owed by Tate.

### III. No Need for Litigation

{¶ 14} In its defense, Allstate argues that at the time Tate made her assignment, she had nothing to assign. Allstate claims that the assignment could not have been created until Tate had sued Stanton and Allstate and had proven liability.

{¶ 15} Allstate relies on *Knop Chiropractic, Inc. v. State Farm Ins. Co.*[8] In a factually similar situation to the present case, the *Knop* court held that an

---

5. See *Hsu v. Parker,* supra, note 1.

6. Id., 116 Ohio App.3d at 633, 688 N.E.2d 1099.

7. Id.

8. *Knop Chiropractic, Inc. v. State Farm Ins. Co.*, 5th Dist. No. 2003CA00148, 2003-Ohio-5021, 2003 WL 22176668.

insurance company was not liable for failing to honor an assignment when the assignor had not yet pursued legal action against the alleged tortfeasor at the time that he made the assignment.[9]

{¶ 16} We decline to follow the *Knop* court for public-policy reasons. Under the *Knop* reasoning, Tate would have had to sue Stanton and Allstate before she could assign her rights to any proceeds from her claim to Roselawn. We refuse to establish a rule that would force parties to litigate. Rather, the law should encourage settlement.

{¶ 17} In this case, without any legal action, Allstate agreed to pay Tate over $4,000. But if we adopted the rule urged by Allstate, unless Tate had sued Stanton and Allstate to establish liability, the assignment Tate executed directing Allstate to pay Roselawn was invalid. This makes no sense.

{¶ 18} In *First Bank of Marietta v. Roslovic & Partners, Inc.*, the Ohio Supreme Court held that an assignment was valid and that the account debtor had become obligated to pay the assignee once the account debtor had received proper notice of the assignment.[10] The concurrence noted that the court's holding "preserves the goals of commercial stability and reliability. Lenders are willing to enter riskier deals if a good assignment is in place that creates solid incentives for an account debtor to comply with its terms." [11]

{¶ 19} The same principle is applicable here. As Roselawn argued, assignments such as the one made by Tate are common. Injured parties who incur medical costs related to an injury for which another party may be liable often assign the right to potential proceeds to a treating physician. Many times an assignment is the only way the doctor can secure payment. And assignments are often signed prior to the making of a formal claim. We see no reason to force a person to file a lawsuit before he or she can assign the right to potential proceeds from a claim.

{¶ 20} Allowing the creation of a valid assignment in such a situation gives some assurance to medical-care providers that they will eventually be compensated. This fits with one of the purposes of assignments—to encourage the assignee to trust that an assignor who may not have cash in hand will be able to cover his or her debts.

{¶ 21} We conclude that the trial court did not err when it determined that Tate had executed a valid assignment. Allstate had sufficient notice of the

---

9.  Id.

10. *First Bank of Marietta v. Roslovic & Partners, Inc.*, supra note 4.

11. Id., 86 Ohio St.3d at 120, 712 N.E.2d 703 (Stratton, J., concurring).

assignment and was obligated to pay Roselawn the amount Tate owed for her medical treatment. Therefore, we overrule both of Allstate's assignments of error and affirm the trial court's judgment.

Judgment affirmed.

HILDEBRANDT, P.J., and GORMAN, J., concur.