OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Allstate Insurance Company ("Allstate"), appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellees, Dr. Norman J. Gloekler, D.C., et al. ("Gloekler").
 {¶ 2} Adam Starcher was involved in an automobile accident. At the time of the accident, Adam was a minor. The alleged tortfeasor, Anthony Muto, was insured by *Page 2 
Allstate. Adam sought treatment from Dr. Norman Gloekler, a licensed chiropractor. Both Adam Starcher and his father, Bryan Starcher, executed an assignment agreement at Gloekler's office.[1]
 {¶ 3} In May 2004, Gloekler forwarded a copy of the assignment agreement to Allstate. Thereafter, Gloekler submitted a bill to Allstate for $2,050, representing treatment performed on Starcher. Allstate settled Starcher's claims for $2,050, by issuing a check directly to Starcher. In his affidavit, Dr. Gloekler states the settlement occurred after Allstate was notified about Starcher's bill.
 {¶ 4} Gloekler filed a complaint against Allstate seeking payment of Starcher's bill. Allstate filed an answer to Gloekler's complaint, denying it was responsible for Starcher's bill. In addition, Allstate filed a third-party complaint against Starcher.
 {¶ 5} Allstate filed a motion for summary judgment relating to Gloekler's complaint. Gloekler responded to Allstate's motion for summary judgment and, in the same pleading, filed a cross-motion for summary judgment. The trial court granted Gloekler's cross-motion for summary judgment. The trial court ordered Allstate to pay Gloekler $2,050, plus interest.
 {¶ 6} On April 11, 2007, Allstate appealed the trial court's entry of summary judgment to this court. We note that the trial court's entry of summary judgment was not a final, appealable order, because it did not resolve all the claims regarding all the parties. Civ.R. 54. Specifically, the entry did not resolve Allstate's third-party complaint *Page 3 
against Starcher. Moreover, this judgment entry did not contain language pursuant to Civ.R. 54(B) that there was no just reason for delay.
 {¶ 7} On April 3, 2007, Allstate filed a motion for default judgment against Starcher. On May 18, 2007, the trial court granted Allstate's motion for default judgment and awarded Allstate a judgment against Starcher in the amount of $2,050, plus interest. At that time, all the claims against all the parties were resolved. Thus, Allstate's April 11, 2007 notice of appeal will be considered a premature appeal, pursuant to App.R. 4(C), as of May 18, 2007. Accordingly, this court has jurisdiction to hear this appeal.
 {¶ 8} Allstate raises the following assignment of error:
 {¶ 9} "The trial court erred in granting appellees' cross-motion for summary judgment by finding that a valid assignment existed between Bryan Starcher and appellees."
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C). The standard of review for the granting of a motion for summary judgment is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 11} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact *Page 4 
and they are entitled to judgment as a matter of law. Dresher v.Burt, 75 Ohio St.3d at 293. If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial. Id.
 {¶ 12} Allstate contends the assignment agreement in this matter was not binding on Allstate.
 {¶ 13} "The assignee is entitled to exercise collection rights against the account debtor as long as the account debtor `receives (1) an indication that the account has been assigned, (2) a specific direction that the payment is to be made to the assignee rather than the assignor, and (3) a reasonable identification of the rights assigned.'"Roselawn Chiropractic Ctr, Inc. v. Allstate Ins. Co.,160 Ohio App.3d 297, 2005-Ohio-1327, at ¶ 7, quoting First Bank of Marietta v. Roslovic Partners, Inc. (1999), 86 Ohio St.3d 116, 118-119.
 {¶ 14} In addition, "`[a]fter notice of the assignment has been given to the obligor, or knowledge thereof received by him in any manner, the assignor has no remaining power of release. The obligor must pay the assignee.'" Hsu v. Parker (1996), 116 Ohio App.3d 629, 633, quoting 4 Corbin on Contracts (1951) 577-578, Section 890.
 {¶ 15} In this matter, the assignment agreement provided, in part:
 {¶ 16} "1. I now assign, without any right to later revoke, a part of any proceeds from my claim equal to the fees incurred by me to this Clinic for all treatments and other services rendered by this Clinic. I am not assigning any legal cause of action in my claim above, but only prospective proceeds. I also assign the Clinic my right to enforce the obligation of any insurance company to pay settlement proceeds forany settlement agreement made by or for me in exchange for my signing such insurance company's *Page 5 
release of claim. Prior to settlement or other disposition of my claim, I understand and permit Clinic to pursue payment from any other source but me personally, including medical payments coverage in an automobile liability policy.
 {¶ 17} "* * *
 {¶ 18} "5. NOTICE: I DIRECT ANY INSURANCE COMPANY, ATTORNEY, OR OTHERPERSON WHO HOLDS OR LATER HOLDS ANY PROCEEDS FROM MY CLAIM TO APPLY ANY PROCEEDS FROM MY CLAIM TO MY TOTAL ACCOUNT BALANCE OUT OF THETOTAL PROCEEDS HELD IN MY BEHALF, UNLESS THE CLINIC CONFIRMS PRIOR PAYMENT OF IT IN WRITING." (Emphasis in original.)
 {¶ 19} Gloekler attached a copy of this assignment agreement to his motion for summary judgment. Gloekler also attached an affidavit indicating that the assignment agreement and Starcher's bill were sent to Allstate. Finally, Gloekler attached a receipt for certified mail, indicating that Allstate received a copy of the assignment agreement.
 {¶ 20} In support of its position, Allstate cites the Fifth Appellate District's decision in Knop Chiropractic, Inc. v. State Farm Ins.Co., 5th Dist. No. 2003CA00148, 2003-Ohio-5021. In KnopChiropractic, following a car accident, an injured person sought treatment at a chiropractor's office. The injured party executed an assignment document, which was subsequently forwarded to the alleged tortfeasor's insurance company. Id. at ¶ 2-4. The insurance company settled the claim by issuing a payment directly to the injured party, without sending payment to the chiropractor. Id. In upholding a summary judgment in favor of the insurance company, the Fifth District held that the insurance company was not in privity with the assignment agreement between the injured party and the chiropractor. Id. at ¶ 19. Further, the court held that the *Page 6 
assignment agreement was not binding on the insurance company because the injured party had not pursued legal action at the time the document was executed. Id.
 {¶ 21} Gloekler directs our attention to the First Appellate District's opinion in Roselawn Chiropractic Ctr, Inc. v. Allstate Ins.Co., supra. In Roselawn Chiropractic, an individual, who was injured in an automobile accident, sought treatment at a chiropractor's office. The individual executed an assignment agreement, which was forwarded to the alleged tortfeasor's insurance company. Id. at ¶ 2-3. However, when the insurance company ultimately settled the matter with the injured party, the insurance company sent the proceeds directly to the injured party, and did not send payment to the chiropractor's office as directed by the assignment clause. Id. The court held that the assignment clause was valid and the insurance company was obligated to pay the chiropractor. Id. at ¶ 9.
 {¶ 22} The First District followed the Eleventh Appellate District's reasoning in Hsu v. Parker, supra. In Hsu v. Parker, this court held that an attorney was bound to pay a doctor from the proceeds of a settlement agreement in light of a valid assignment agreement between the client and the doctor instructing the attorney to pay the doctor. Id. at 633.
 {¶ 23} The First District also conducted an analysis of the Fifth District's holding in Knop Chiropractic, Inc. v. State Farm Ins.Co., 2003-Ohio-5021, but declined to follow that holding. RoselawnChiropractic Ctr, Inc. v. Allstate Ins. Co., 2005-Ohio-1327, at ¶ 16-17. Specifically, the First District held:
 {¶ 24} "We decline to follow the Knop court for public-policy reasons. Under the Knop reasoning, [the injured party] would have had to sue [the alleged tortfeasor and *Page 7 
her insurance carrier] before [the injured party] could assign her rights to any proceeds from her claim to [the chiropractor.] We refuse to establish a rule that would force parties to litigate. Rather, the law should encourage settlement.
 {¶ 25} "In this case, without any legal action, [the insurance company] agreed to pay [the injured party] over $4,000. But if we adopted the rule urged by [the insurance company], unless [the injured party] had sued [the alleged tortfeasor and her insurance carrier] to establish liability, the assignment [the injured party] executed directing [the insurance company] to pay [the chiropractor] was invalid. This makes no sense." Id.
 {¶ 26} We agree with the First District's analysis. In this matter, Starcher specifically instructed Allstate to pay Gloekler pursuant to the assignment agreement. At that time, Allstate had a duty to pay Gloekler directly prior to paying any additional proceeds to Starcher. Simply stated, Gloekler was entitled to the first $2,050 that Allstate determined Starcher was entitled to. If Allstate chose to settle Starcher's claim for a total of $100,000, it had a duty to pay $2,050 directly to Gloekler and $97,950 directly to Starcher. On the other hand, if Allstate determined that Starcher's claim had no value and chose not to settle, it would not have a duty to pay Gloekler, unless and until Starcher obtained a judgment against Allstate or Muto. In addition, if a dispute developed between Starcher and Gloekler, such as whether or not the chiropractor was legally required to submit the bills to Starcher's medical insurance or claims of overcharging, Allstate could simply tender the settlement check with both Starcher and Gloekler listed as payees.
 {¶ 27} In its third-party complaint, Allstate acknowledges settling Starcher's claim. In its motion for summary judgment, Allstate states this was done by sending *Page 8 
$2,050 directly to Starcher. Thus, the record reveals that Allstate made a payment directly to Starcher in the amount of $2,050 to settle Starcher's claim as a result of the underlying accident. Thus, the trial court correctly concluded that Allstate was obligated to pay Gloekler.
 {¶ 28} Allstate's assignment of error is without merit.
 {¶ 29} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] Since Adam Starcher was a minor, his father, Bryan Starcher, signed several documents in this matter on his behalf. For the purposes of this appeal, we will refer to Adam and Bryan Starcher collectively as ("Starcher"). *Page 1