OPINION
{¶ 1} Defendant-appellant, Allstate Insurance, appeals a decision granting summary judgment in favor of plaintiff-appellee, Cartwright Chiropractic. This case arose out of an *Page 2 
automobile accident and subsequent medical treatment of the injured party at Cartwright Chiropractic. We affirm the decision of the trial court.
 {¶ 2} On August 15, 2005, Michael Rice, an Allstate insured, was involved in an automobile accident with Jennifer Miller. Following the accident, Miller sought treatment at Cartwright Chiropractic. At the inception of treatment, Miller executed an assignment in favor of Cartwright to pay the portion of any future proceeds she received from the accident to cover her chiropractic bills. The proceeds assignment stated:
 {¶ 3} "NOTICE: I DIRECT ANY INSURANCE COMPANY, ATTORNEY, OR OTHERPERSON WHO HOLDS OR LATER HOLDS ANY PROCEEDS FROM MY CLAIM TO APPLY ANY PROCEEDS FROM MY CLAIM TO MY TOTAL ACCOUNT BALANCE OUT OF THETOTAL PROCEEDS HELD IN MY BEHALF."
 {¶ 4} Cartwright then sent a copy of the assignment to Allstate.[1]
Thereafter, Allstate settled directly with Miller, paying the full amount of the settlement funds directly to her. After failing to reimburse Cartwright for the treatment charges, Miller filed for Chapter 13 bankruptcy in the Western Division, Southern District of Ohio. As a result, Cartwright initiated the case at bar against Allstate for failing to honor the assignment.[2] The parties separately moved for summary judgment. The trial court granted summary judgment in favor of Cartwright and denied Allstate's motion, ordering Allstate to pay $1,653. Allstate timely appeals, raising one assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR *Page 3 
SUMMARY JUDGMENT AND BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} The trial court in this case granted summary judgment in favor of Cartwright consistent with the First Appellate District's decision inRoselawn Chiropractic Center, Inc. v. Allstate Insurance Co.,160 Ohio App.3d 297, 2005-Ohio-1327; the Ninth Appellate District's decisionAkron Square Chiropractic v. Allstate, Summit App. No. 21710,2004-Ohio-1988; and the Eleventh District's decision in Gloekler v.Allstate Insurance Co., Ashtabula App. No. 2007-A-0040, 2007-Ohio-6163.
 {¶ 7} The Roselawn and Gloekler facts are almost identical. InRoselawn, the injured party, Mrs. Tate, was involved in a car accident with Helen Stanton, an Allstate insured. Id. at ¶ 2. Tate sought medical treatment from Roselawn Chiropractic. Id. Before receiving treatment, Tate signed a proceeds assignment. Id. After finishing the treatment, Roselawn forwarded notice of the assignment to Allstate along with an itemized statement of the treatment. Id. at ¶ 3. Allstate ultimately settled the claim directly with Tate and paid the entire settlement amount directly to her, rather than first paying Roselawn. Id. As a result, Roselawn sued Allstate. Id. at ¶ 4.
 {¶ 8} The court in Roselawn held that "the document executed by Tate was a valid assignment obligating Allstate to pay Roselawn instead of Tate for the amount of her medical treatment." Id. at ¶ 9, citingHsu v. Parker (1996), 116 Ohio App.3d 629. "Once Tate had assigned her potential proceeds from a lawsuit to Roselawn, Allstate was obligated to honor the assignment and pay Roselawn." Id. at ¶ 13.
 {¶ 9} The First District explained the rationale for its holding finding that "the law should encourage settlement." Id. at ¶ 16. "Assignments such as the one made by Tate are common. Injured parties who incur medical costs related to an injury for which another party may be liable often assign the right to potential proceeds to a treating physician. Many times *Page 4 
an assignment is the only way the doctor can secure payment. And assignments are often signed prior to the making of a formal claim. We see no reason to force a person to file a lawsuit before he or she can assign the right to potential proceeds from a claim. Allowing the creation of a valid assignment in such a situation gives some assurance to medical-care providers that they will eventually be compensated. This fits with one of the purposes of assignments — to encourage the assignee to trust that an assignor who may not have cash in hand will be able to cover his or her debts." Id. at ¶ 19 and ¶ 20.
 {¶ 10} Recently, the Eleventh District issued a decision on substantially similar facts adopting the First District's view.Gloekler at ¶ 26. The court reasoned, "[the injured party] specifically instructed Allstate to pay Gloekler pursuant to the assignment agreement. At that time, Allstate had a duty to pay Gloekler directly prior to paying any additional proceeds to [the injured party]." Id.
 {¶ 11} In its sole assignment of error, Allstate argues the trial court erred in granting summary judgment to Cartwright, presenting two issues for review. Allstate's first argument is based on R.C. 3929.06(B), also referred to as the "direct action rule." R.C. 3929.06(B) prohibits an injured party from directly filing a civil action against an insurance company until 30 days after liability is established for the insured tortfeasor and the insurance company has failed to pay the judgment. Allstate claims that R.C. 3929.06(B) prevents Miller from executing an assignment to Cartwright since no liability had been established for Michael Rice, Allstate's insured, and, as a result, Miller had no existing right to money from Allstate. Allstate claims that since Miller could not first directly sue Allstate, she had no existing right to money from Allstate and could not assign proceeds of her potential claim to Cartwright.
 {¶ 12} Secondly, Allstate argues that the assignment itself is invalid under a similar rationale. Specifically, Allstate claims that "an enforceable assignment requires the existence of some fund or property" and that a "future obligation that constitutes a `mere expectancy or *Page 5 
possibility' cannot be assigned."
 {¶ 13} In regard to Allstate's first issue for review, the First District in Roselawn addressed this same argument. The court stated that "without any legal action, Allstate agreed to pay Tate over $4,000. But if we adopted the rule urged by Allstate, unless Tate had sued Stanton and Allstate to establish liability, the assignment Tate executed directing Allstate to pay Roselawn was invalid. This makes no sense." Id. at ¶ 17. Relying on the Ohio Supreme Court's decision in First Bankof Marietta v. Roslovic Partners, Inc., 86 Ohio St.3d 116,1999-Ohio-89, the court noted "that an assignment was valid and that the account debtor had become obligated to pay the assignee once the account debtor had received proper notice of the assignment," which "preserved the goals of commercial stability and reliability." Id. at ¶ 18, citingFirst Bank of Marietta at 118-119. "The same principle is applicable here." Id. at ¶ 19.
 {¶ 14} In the recent decision of Akron Square Chiropractic v.Creps, the Ninth District Court of Appeals addressed the same arguments posed by Allstate under almost identical facts to the case at bar.
 {¶ 15} In Ohio, "Generally, all rights, ad rem and in re, vested or contingent, possibilities coupled with an interest, and claims growing out of and adhering to property, both from contract and tort, may be assigned." 6 Ohio Jurisprudence 3d (2006) 50, Assignments, Section 5. Moreover, an expectancy or possibility is assignable unless it is "naked or remote."[3] Id. at Sections 7 and 18. Such assignments are equitable assignments. Id. A *Page 6 
"present existing right, to take effect in the future on contingency, may be assigned." Id. at Section 18. However, a mere "naked or remote" possibility cannot be assigned because an assignment must be founded on a right in being. Id.
 {¶ 16} Miller's cause of action existed at the time the assignment was executed; the date of the accident. In re Petry (N.D. Ohio, 1986), 66 B.R. 61, 63; See also Fiorentino v. Lightning Rod Mut. Ins., Co. (1996),114 Ohio App.3d 188. Moreover, while the exact amount of the recovery was uncertain, the claim and the source were clear. Specifically, Miller knew the proceeds that were being assigned were from her claim against Rice following the accident and the source of the proceeds would be Rice's insurance company, Allstate. Allowing injured persons to assign potential future insurance proceeds "promotes timely medical treatment for injured persons otherwise unable to pay, and it avoids needless litigation." Akron Square Chiropractic v. Creps, 2004-Ohio-1988 at fn. 2.
 {¶ 17} Further, Allstate attempts to argue that because Rice's liability had not been established, Miller had nothing to assign, and since R.C. 3929.06(B) does not allow Miller to directly sue Allstate, it was uncertain that she would be receiving payment from Allstate. Under Allstate's rationale, R.C. 3929.06 would effectively preclude Miller from executing the assignment with Cartwright until Rice is found liable for the accident following a trial (or at the very least, Miller filing suit against Rice before executing the assignment).
 {¶ 18} As examined by the Ninth Appellate District, this is not a proper reading of the statute. R.C. 3929.06 merely operates to "provide a judgment creditor the opportunity to assert a claim for insurance money, if the debtor was insured at the time of the loss." Salem v.Wortman (August 30, 1978), Summit App. No. 8769, *2. R.C. 3929.06 does not impact "an *Page 7 
injured party's right to assign potential or prospective proceeds from claims not yet filed." Akron Square Chiropractic v. Creps,2004-Ohio-1988 at ¶ 10. Furthermore, the statute makes no prohibitions or even mentions any applicability to assignments. Id.
 {¶ 19} Due to Ohio assignment law, a prerequisite liability determination is unnecessary as prospective proceeds and claims may be assigned as long as they are not "naked or remote." Furthermore, R.C. 3929.06 is equally inapplicable because Allstate entered into a settlement in this case and Miller never had to file suit against Rice to even determine liability. Allstate's argument does not take into account that this case is not a matter of establishing liability, this is a matter involving settlement. Liability is not an issue of this case, nor does liability need to be established. Allstate entered into a settlement with Miller to extinguish any potential claim she had against its insured, and Allstate as the insurer. The statutory section Allstate cites is only relevant if a lawsuit is necessary to establish liability, and even then it does not preclude a lawsuit against Allstate, it simply requires the lawsuit against Allstate be delayed.
 {¶ 20} Finally, R.C. 3929.06(A)(1) provides further certainty that Miller could recover from Allstate. R.C. 3929.06 does not extinguish or prevent Miller from suing Allstate. Rather, R.C. 3929.06(A)(1) allows an injured party to sue an insurance company 30 days after the insured is found liable in a trial, requiring the insurance company to satisfy the judgment.
 {¶ 21} In First Bank of Marietta v. Roslovic Partners, Inc., the Ohio Supreme Court held that an assignment was valid and that the account debtor had become obligated to pay the assignee once the account debtor had received notice of the assignment. The court's holding "preserves the goals of commercial stability and reliability. Lenders are willing to enter into riskier deals if a good assignment is in place that creates solid incentives for an account debtor to comply with its terms." 86 Ohio St.3d at 120. The same principle is applicable here. "Allowing creation of a valid assignment in such a situation gives some assurance to *Page 8 
medical-care providers that they will eventually be compensated. This fits with one of the purposes of assignments — to encourage the assignee to trust that an assignor who may not have cash in hand will be able to cover his or her debts." Roselawn, 2005-Ohio-1327 at ¶ 20.
 {¶ 22} Allstate's sole assignment of error is overruled.
 {¶ 23} Judgment affirmed.
YOUNG, P.J. and WALSH, J., concur.
[1] Allstate disputes its receipt and notice of the assignment, claiming that "Allstate never acknowledged its receipt nor promised to make payment to Cartwright." However, Cartwright has submitted a certified return receipt for this document signed by "George Athinson" on behalf of Allstate on September 18, 2005.
[2] Cartwright has submitted evidence demonstrating that Allstate has honored identical or virtually identical assignments as part of its business practice. Cartwright has submitted documents from Allstate acknowledging six separate assignments. The documents generally state that, after receiving notice of an assignment, "We will proceed accordingly and honor your client's assignment of interest at the time of settlement."
[3] In support of its contention, Allstate cites 6 Ohio Jurisprudence 3d (2006) 57, Assignments, Section 7, claiming that a "mere expectancy or possibility cannot be assigned." That section does not apply for that proposition of law. The full citation Allstate paraphrases is that "An assignment of a debt expected to arise in the future out of a contract existing at the time of the assignment is distinguished from the assignment of a contemplated debt before execution of the agreement by which it is to be created; applying the rule of law that an expectancy or possibility is contemplated debt is not assignable at law before execution of the agreement, although such debt may be assignable inequity." (Emphasis added.) Allstate inserts the word "mere" into this section and claims that an expectancy or possibility is never assignable. This is incorrect. The section confirms the historical difference between an assignment enforced in law and an assignment enforced in equity. Further, this section applies to contractual assignments, specifically arising out of a contract existing prior to the execution of the assignment. The assignment in this case was not a contractual assignment. Rather, the relationship between Miller and Allstate, and the settlement, arose out of an existing/potential tort claim, not a contract. Further, Allstate's proposition of law is misleading because expectancies or possibilities are assignable as long as they are not "naked or remote." *Page 1