OPINION
{¶ 1} American Family Insurance ("American"), defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the court granted the motion for summary judgment filed by plaintiff-appellee, West Broad Chiropractic ("West Broad").
 {¶ 2} On July 6, 2002, Kristy Norregard was involved in a motor vehicle accident and sustained injuries. The tortfeasor's liability insurer was American. On July 9, 2002, Norregard received chiropractic care from West Broad for injuries caused by the accident. *Page 2 
On the same date, Norregard and West Broad entered into a contract ("assignment" or "assignment agreement"), in which Norregard agreed to assign to West Broad her right to settlement proceeds from any future personal injury claim. The assignment indicated that the proceeds of any insurance settlement must be made directly to West Broad before any payments were made to Norregard. On April 30, 2004, West Broad sent notice to American of the assignment, indicating that Norregard had assigned her interest in any personal injury settlement received by her from American to the extent of any outstanding balance for the medical care Norregard received from West Broad and that any settlement proceeds should be paid directly to West Broad. Norregard presented a claim to American, and she subsequently received a direct cash settlement from American in January 2006. American did not make any payment to West Broad.
 {¶ 3} On October 10, 2006, West Broad filed an action against American, seeking $3,830 for the costs of Norregard's medical treatment at West Broad. Both parties moved for summary judgment. On February 16, 2007, the trial court granted summary judgment to West Broad in the amount of $3,830, plus interest and costs. In doing so, the trial court found R.C. 3929.06 did not proscribe or limit the common-law right of an injured party to assign future proceeds of a settlement to a third party. American appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 4} American argues in its assignment of error that the trial court erred when it granted West Broad's motion for summary judgment. Civ. R. 56(C) provides that, before summary judgment may be granted, it must be determined that: (1) no genuine issue as *Page 3 
to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. State ex rel. Howardv. Ferreri (1994), 70 Ohio St.3d 587, 589. When reviewing the judgment of the trial court, an appellate court reviews the case de novo.Franks v. The Lima News (1996), 109 Ohio App.3d 408.
 {¶ 5} In the present case, American contends that the trial court's judgment was in error because a cause of action in tort to recover for personal injuries is not assignable; even if assignable, the assignment was ineffective as to American insofar as American never was in possession of settlement proceeds; and R.C. 3929.06 prohibits West Broad's action. Although our review of Ohio case law reveals limited authority, several cases have addressed the same or similar issue. Based upon our review, we find the trial court erred when it granted summary judgment to West Broad.
 {¶ 6} Of the several Ohio appellate courts that have addressed similar issues, we find the reasoning in Knop Chiropractic, Inc. v. State FarmIns. Co., Stark App. No. 2003CA00148, 2003-Ohio-5021 most compelling. InKnop, the injured victim was involved in a vehicle collision with a tortfeasor. In exchange for treatment from a chiropractor, the injured party executed an assignment with the chiropractor assigning to the chiropractor part of any proceeds from any personal injury claim equal to the chiropractic fees incurred. The injured party subsequently made a claim against the tortfeasor for personal injury and property damage. The chiropractor sent a copy of the assignment to the tortfeasor's insurance company. The insurer settled the injured's claim *Page 4 
but paid the injured directly. The injured did not forward any funds to the chiropractor. The chiropractor filed an action against the insurer, and the trial court eventually granted summary judgment to the insurer, finding the assignment between the chiropractor and the injured was invalid.
 {¶ 7} On appeal, the Fifth District Court of Appeals affirmed the trial court. The appellate court based its decision upon R.C. 3929.06, which, in general, provides that an injured party must first obtain a judgment against the tortfeasor before bringing an action against the tortfeasor's insurer seeking the entry of a judgment ordering the insurer to pay the injured the requisite amount. Citing R.C. 3929.06(B), the court found that, because the injured had not yet pursued legal action against the tortfeasor at the time he signed the assignment documents, the injured had no right to file an action against the insurer at that time. The court further noted that an assignment must be founded on a right in being. See Knop, supra, at ¶ 19, citing 6 Ohio Jurisprudence 3d Assignments, Section 17. Therefore, the court concluded that, because R.C. 3929.06(B) provides that the personal injury victim has no right to file an action against the tortfeasor's insurer until after an action has been filed against the tortfeasor, the assignment was not actionable against the tortfeasor's insurer because the assignment was created prior to the existence of a civil action by the injured against the tortfeasor.
 {¶ 8} While several appellate courts have found similar assignments under similar factual circumstances as the present case to be valid, we find they are less persuasive than Knop and fail to address some of the public policy reasons cited by this court below. In RoselawnChiropractic Ctr, Inc. v. Allstate Ins. Co., 160 Ohio App.3d 297,2005-Ohio-1327, the First Appellate District found a similar assignment agreement valid. *Page 5 
In that case, an individual was injured in an automobile accident caused by the tortfeasor. The injured received treatment from a chiropractor and executed an assignment, which provided the injured was assigning to the chiropractor any proceeds the injured may receive from a claim against the tortfeasor and the tortfeasor's insurer, equal to the cost of treatment. The chiropractor sent the tortfeasor's insurer notice of the assignment. The insurer settled the matter with the injured party but sent the proceeds directly to the injured. The chiropractor filed an action against the insurer.
 {¶ 9} On appeal of the trial court's judgment finding the assignment valid, the appellate court affirmed. The appellate court found that the insurer received notification of the assignment of the proceeds, and, thus, the document executed by the injured was a valid assignment obligating the tortfeasor's insurer to pay the chiropractor for the amount due for medical treatment.
 {¶ 10} The court in Roselawn also addressed the basis cited inKnop in response to the insurer's argument that the assignment could not have been created prior to the existence of a civil action by the injured party against American's insured, and, therefore, at the time of the assignment, the injured had nothing to assign. The court inRoselawn declined to follow the Knop court for public policy reasons, claiming that the procedure set forth in Knop would force parties to litigate, in that the injured would have to sue the tortfeasor and the tortfeasor's insured prior to creating the assignment. The court inRoselawn cited the general tenet that the law should encourage settlement.
 {¶ 11} In Akron Square Chiropractic v. Creps, Summit App. No. 21710,2004-Ohio-1988, the Ninth District Court of Appeals found a similar assignment valid. In finding R.C. 3929.06 did not invalidate such an assignment, the court in Akron Square indicated it had *Page 6 
previously held that R.C. 3929.06 merely provides a judgment creditor the opportunity to assert a claim for insurance money if the debtor was insured at the time of the loss but had never construed that statute as impacting an injured party's right to assign potential or prospective proceeds from claims not yet filed. The court noted that the statute made no mention of such a prohibition and it would not stray from its precedent and read such a prohibition into the statute. AkronSquare, at ¶ 10. The court also explained that public policy supported the validity of such assignments, as such promoted timely medical treatment for injured persons otherwise unable to pay and avoided additional lawsuits by medical providers who elect to provide treatment without up front payment. Id., at fn. 2.
 {¶ 12} Most recently, in Gloekler v. Allstate Ins. Co., Ashtabula App. No. 2007-A-0040, 2007-Ohio-6163, the Eleventh District Court of Appeals likewise found a similar assignment valid. In Gloekler, a party was injured in an automobile accident with the tortfeasor. The injured party received treatment from a chiropractor and executed an assignment, giving the chiropractor the right to collect a portion of the proceeds from any personal injury claim settlement to which the injured was entitled. The chiropractor forwarded a copy of the assignment to the tortfeasor's insurer and later submitted a bill to the insurer. The insurer settled the injured's claim for $2,050, by issuing a check directly to the injured. The chiropractor filed a complaint against the insurer seeking payment of the injured's chiropractic bill. The trial court granted the chiropractor's motion for summary judgment and ordered the insurer to pay the chiropractor $2,050.
 {¶ 13} On appeal, the appellate court affirmed the trial court's judgment. The court, following Roselawn, found the assignment valid and binding upon the tortfeasor's insurer. The court held that the chiropractor instructed the insurer to pay him pursuant to the *Page 7 
assignment, and, thereafter, the insurer had a duty to pay the chiropractor directly prior to paying any additional proceeds to the injured. The court noted that the insurer was free to determine that the injured's claim had no value and choose not to settle, and the insurer could also simply tender the settlement check to both the injured and the chiropractor listed as payees if a dispute between the injured and the chiropractor arose as to the payment. The court in Gloekler relied upon the reasoning in Roselawn.
 {¶ 14} After reviewing this authority, we find the reasoning inKnop to be more persuasive. The decision in Knop was based upon R.C. 3929.06, which provides, in pertinent part:
 (A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury[,] * * * and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, * * * the plaintiff * * * is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
 (2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer * * * has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. * * *
 (B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section. *Page 8 
Accordingly, pursuant to R.C. 3929.06, the injured party must first obtain a judgment against the tortfeasor before bringing an action against the tortfeasor's insurer to recover proceeds from the tortfeasor's insurance policy. Thus, until the injured party obtains a judgment against the tortfeasor, the injured party has no right to recovery from the tortfeasor's insurer.
 {¶ 15} Further, it is well-established that, in order for a valid assignment to exist, the assignment must be founded on a right in being.Knop, supra, at ¶ 19, citing 6 Ohio Jurisprudence 3d Assignments, Section 17. An assignment occurs "only where the transfer is of a substantial property right vested in the transferor as owner." 6 Ohio Jurisprudence 3d Assignments, Section 1. It is fundamental that the assignee stands in the shoes of the assignor and can obtain no greater rights against another than the assignor had. Citizens Fed. Bank, F.S.B.v. Brickler (1996), 114 Ohio App.3d 401. Thus, "a mere naked or remote possibility" cannot be assigned, and no right is assignable until it has been properly perfected or established as provided by law. 6 Ohio Jurisprudence 3d Assignments, Section 18. It is also clear that, in order to constitute an assignment in either law or equity, there must be such an actual or constructive appropriation of the subject matter assigned as to confer a complete and present right on the assignee. Id., at Section 33. Therefore, a promise on the part of the promisor to apply a particular fund to pay a debt to the promisee as soon as he receives it will not operate as an assignment, as it does not give the promisee a right to the funds, except through the promisor, and looks to a future act on the promisor's part as the means of rendering it effectual. Id., citing Christmas's Admr. v. Griswold (1858), 8 Ohio St. 558, 562. *Page 9 
 {¶ 16} Applying these venerable principles to the facts in the present case, there existed no "right in being" when Norregard entered into the assignment with West Broad, and, thus, at the time of the assignment, no property right vested in West Broad. Although it was possible at the time of the assignment that Norregard could in the future obtain settlement proceeds from American, it was just a possibility. Norregard's right to obtain a settlement from American could not be properly perfected or established until Norregard first obtained a judgment against the tortfeasors, as provided by R.C. 3929.06. Therefore, the agreement between Norregard and West Broad to apply any settlement proceeds to Norregard's debt could not operate as an assignment, as it did not give West Broad a right to the funds until Norregard sought proceeds from American.
 {¶ 17} We also note that we do not dispute the finding in AkronSquare that R.C. 3929.06 makes no mention of a prohibition against assignments. See Akron Square, at ¶ 10. However, neither our analysis nor the analysis in Knop is based upon an explicit prohibition in R.C. 3929.06. Rather, it is the application of the basic principles of the law of assignments to the statute that proscribe the type of assignment attempted in the present case.
 {¶ 18} Therefore, based upon Knop and R.C. 3929.06, as well as the above reasoning, we find the assignment agreement was ineffective to compel American to pay Norregard's personal injury settlement proceeds directly to West Broad. Thus, we conclude the trial court erred when it granted summary judgment to West Broad, and the trial court should have granted summary judgment to American.
 {¶ 19} Accordingly, American's assignment of error is sustained, and the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that *Page 10 
court with instructions to grant summary judgment in favor of American and deny summary judgment to West Broad.
Judgment reversed and cause remanded with instructions.
 McGRATH, P.J., and FRENCH, J. concur. *Page 1