**2008–1489. W. Broad Chiropractic v. Am. Family Ins.**

Franklin App. No. 07AP–721, 2008-Ohio-2647. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issues stated in the court of appeals' Journal Entry filed July 23, 2008:

1. "Does R.C. 3929.06 preclude an assignee of prospective settlement proceeds from bringing a direct action against a third party insurer, who had prior notice of such written assignment, after the insurer distributed settlement proceeds in disregard of that written assignment?"

2. "May a person who has been injured in an automobile accident but who has not yet established liability for the accident and a present right to settlement proceeds, but who may have that right in the future, even if the future existence of the proceeds is conditional, assign that right, in whole or in part, to another under Ohio law?"

As to the first issue, the conflict cases are *Akron Square Chiropractic v. Creps,* Summit App. No. 2007-A-0040, 2007-Ohio-6163, and *Cartwright Chiropractic v. Allstate Ins. Co.,* Butler App. No. CA2007–06–143, 2008-Ohio-2623.

As to the second issue, the conflict cases are *Hsu v. Parker* (1996), 116 Ohio App.3d 629, *Roselawn Chiropractic Ctr., Inc. v. Allstate Ins. Co.,* 160 Ohio App.3d 297, 2005-Ohio-1327, *Akron Square Chiropractic v. Creps,* and *Cartwright Chiropractic v. Allstate Ins. Co.*

Sua sponte, cause consolidated with 2008–1396, *W. Broad Chiropractic v. Am. Family Ins.,* Franklin App. No. 07AP-721, 2008-Ohio-2647.