Lundberg Stratton, J.
{¶ 1} We must determine whether Kristy Norregard, who was injured in an automobile accident but who did not file suit or obtain a judgment against the tortfeasor, may assign her right to proceeds from a prospective settlement or judgment to appellant, West Broad Chiropractic (“West Broad”), in exchange for medical care she received from West Broad for injuries resulting from the accident.
{¶ 2} The Tenth District Court of Appeals refused to enforce the assignment of proceeds. The appellate court certified that its judgment was in conflict with the judgments of other appellate districts. We agreed and accepted the following two certified conflicts for review:
{¶ 3} “May a person who has been injured in an automobile accident but who has not yet established liability for the accident and a present right to settlement proceeds, but who may have that right in the future, even if the future existence of the proceeds is conditional, assign that right, in whole or in part, to another under Ohio law?”
{¶ 4} “Does R.C. 3929.06 preclude an assignee of prospective settlement proceeds from bringing a direct action against a third party insurer, who had prior notice of such written assignment, after the insurer distributed settlement proceeds in disregard of that written assignment?” W. Broad Chiropractic v. Am. Family Ins., 119 Ohio St.3d 1469, 2008-Ohio-4911, 894 N.E.2d 330.
{¶ 5} For the reasons that follow, we answer the first question in the negative. A person who has been injured in an accident but who has not yet established liability for the accident and a present right to settlement proceeds may not *498 assign the right to future proceeds of a settlement if the right does not exist at the time of the assignment.
{¶ 6} We answer the second question in the affirmative. R.C. 3929.06 precludes an assignee of prospective settlement proceeds from bringing a direct action against a third-party insurer after the insurer distributed settlement proceeds.
{¶ 7} Consequently, we affirm the judgment of the court of appeals.
Facts and Procedural History
{¶ 8} Kristy Norregard was injured in an automobile accident on July 6, 2002. Three days later, she sought treatment for her injuries at West Broad Chiropractic. At that time, she executed a document entitled “Assignment of Right to Receive Benefits and/or Proceeds of Settlement or Judgment” to assign her right to receive from the tortfeasor’s insurance company compensation for these injuries in exchange for her treatment. Payment was to be made directly to West Broad before any payment was made to Norregard.
{¶ 9} Almost two years later, on April 30, 2004, West Broad gave notice of the assignment to appellee, American Family Insurance (“AFI”), which was believed to have insured the driver of the automobile involved in the accident with Norregard. The notice requested that AFI name West Broad as a co-endorser on any disbursement check issued or to issue a separate check payable to West Broad directly. The notice did not identify the amount due West Broad.
{¶ 10} In January 2006 and prior to filing any lawsuit, Norregard settled her claim for injuries with AFI. AFI disbursed the settlement proceeds directly to Norregard.
{¶ 11} West Broad filed an action against AFI seeking a declaration that the assignment was valid and enforceable and that AFI was obligated to pay West Broad for the treatment provided to Norregard valued at $3,830. The trial court held that the assignment was enforceable and entered judgment for West Broad.
{¶ 12} The Tenth District Court of Appeals reversed the judgment of the trial court, concluding that Norregard had no “right in being” when she made the assignment. W. Broad Chiropractic v. Am. Family Ins., Franklin App. No. 07AP-721, 2008-Ohio-2647, 2008 WL 2246653, ¶ 6. Instead, West Broad had only a possibility of future settlement proceeds from AFI. Id. Furthermore, the court determined that Norregard had no enforceable rights against AFI under R.C. 3929.06 until she obtained a judgment against the tortfeasor. Thus, the court concluded, the assignment was ineffective, and it remanded the cause with instructions to enter judgment in favor of AFI. Id at ¶ 18.
{¶ 13} The appellate court certified that its judgment was in conflict with judgments of the courts of appeals in the First, Ninth, Eleventh, and Twelfth *499 Districts. We determined that a conflict does exist on both issues. We accepted West Broad’s discretionary appeal on the same issues and consolidated the cases. W. Broad, 119 Ohio St.3d 1469, 2008-Ohio-4911, 894 N.E.2d 330.
Assignment of Settlement Proceeds
{¶ 14} An assignment is a transfer to another of all or part of one’s property in exchange for valuable consideration. Hsu v. Parker (1996), 116 Ohio App.3d 629, 632, 688 N.E .2d 1099. A vested right in the assigned property is required to confer a complete and present right on the assignee. Christmas v. Griswold (1858), 8 Ohio St. 558, 563-564.
{¶ 15} When Norregard entered into the agreement with West Broad, she had a cause of action against the tortfeasor that had accrued at the time of the accident. See Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co., 112 Ohio St.3d 482, 2006-Ohio-6551, 861 N.E.2d 121; Cincinnati v. Hafer (1892), 49 Ohio St. 60, 65, 30 N.E. 197. However, Norregard had not filed a claim based on that cause of action. She had not established liability or the right to damages. No settlement proceeds existed at the time of the assignment.
{¶ 16} Nevertheless, Norregard executed a document that purported to assign to West Broad her “right to receive or collect any check or monies offered for compensation to [her] by any person for any injury for which [she] received treatment from West Broad Chiropractic.” Because no settlement proceeds existed at the time of the assignment and Norregard then had no right to any funds, she had no rights to assign. Thus, we hold that the agreement could not operate as an assignment because Norregard had no right in any settlement proceeds to transfer to West Broad.
{¶ 17B West Broad contends that Norregard’s expectation of a settlement was assignable even though it was contingent upon proving liability and damages. West Broad, however, relies on cases in which the expected interest was based upon real property or contingent estates of inheritance of a property interest that was in existence. See Moore v. Foresman (1962), 172 Ohio St. 559, 565, 18 O.O.2d 123, 179 N.E.2d 349; Hite v. Hite (1929), 120 Ohio St. 253, 260-261, 166 N.E. 193. In this case, Norregard had not asserted a claim against the tortfeasor and had not established liability or the right to damages. The right to proceeds of a future settlement was unresolved. Consequently, Norregard’s right to any settlement proceeds was merely a possibility at the time she executed the assignment to West Broad.
{¶ 18} In Pennsylvania Co. v. Thatcher (1908), 78 Ohio St. 175, 85 N.E. 55, syllabus, the court held that an equitable assignment in the prospective proceeds of a settlement could not be enforced by the assignee against the tortfeasor in a suit at law. In Thatcher, the victim of a railroad accident attempted to assign to *500 his attorney the proceeds of his claim, although no cause of action had been filed. The court acknowledged that the assignee may have a right to recover from the assignor; however, the assignment was not legally binding in a suit for money damages against a third party who had not agreed to the terms of the assignment. Id. at 189, 85 N.E. 55.
{¶ 19} Thatcher rejected the notion that notice of an assignment could legally obligate an unrelated third party in the absence of a contractual or other relationship between the parties, particularly when the notice assigned “a portion of whatever may be paid in suit or settlement.” Id., 78 Ohio St. at 175, 85 N.E. 55. The court held that a notice so indefinite was insufficient to reach the funds in the hands of a third-party tortfeasor. Id. at paragraph two of the syllabus. Thatcher also reasoned that giving effect to such an assignment would introduce the interests of a third party who had not been involved in the accident into settlement negotiations and may compromise a settlement between the injured person and the tortfeasor. Id. at 191, 85 N.E. 55. In addition, an assignment occurs only when the fund or property to be transferred exists. However, there are no settlement proceeds until the tortfeasor simultaneously pays funds in exchange for a release. Id.
{¶ 20} We find the legal reasoning of Thatcher still persuasive a century later. Consistent with Thatcher, because Norregard had no present right to any settlement funds at the time of the assignment, she had no rights to assign. West Broad had a contract that may be enforceable against Norregard, but it is not legally binding upon AFI.
{¶ 21} The conflict cases relied on public policy reasons to justify upholding such assignments. Some districts believed that such assignments would encourage settlement and avoid litigation. See Roselawn Chiropractic Ctr., Inc. v. Allstate Ins. Co., 160 Ohio App.3d 297, 2005-Ohio-1327, 827 N.E.2d 331, ¶ 16; Cartwright Chiropractic v. Allstate Ins. Co., Butler App. No. CA2007-06-143, 2008-Ohio-2623, 2008 WL 2231651, ¶ 9. They also reasoned that the assignments would promote timely medical treatment for injured persons who may not otherwise be able to pay, while at the same time assuring medical-care providers that they will be compensated. Cartwright at ¶ 9, 16; Akron Square Chiropractic v. Creps, Summit App. No. 21710, 2004-Ohio-1988, 2004 WL 840131, ¶ 12, fn. 2; Roselawn, ¶ 19-20.
{¶ 22} On the other hand, there are circumstances under which such assignments might encourage and promote litigation and discourage settlement. A chiropractor or other assignee expects full payment and lacks interest in negotiating the amount of the debt. Likewise, the third-party insurer lacks the ability to dispute the amount or reasonableness of the charges. The insurer must take these factors into account when settling the claim, and the result may be less to *501 the injured party, forcing him or her to litigate in hopes of obtaining a greater recovery. Attorneys may therefore be deterred from taking smaller claims when the proceeds are taken by assignees, leaving little to no funds for the injured party or the attorney’s fee.
{¶ 23} Furthermore, if an injured person executes multiple assignments to a variety of creditors, the third-party insurer may be faced with determining the priority of assignments and how to distribute settlement proceeds pro rata among numerous assignees if the debt exceeds the amount of the settlement. Generally, the injured person is represented by counsel, who receives the settlement funds and who may negotiate a lesser payment with his client’s creditors. West Broad’s proposition, however, places the obligation on the insurer to identify and locate each assignee at the time of settlement to determine the current liability and may subject the insurer to multiple lawsuits.
{¶ 24} Upholding the legality of such assignments opens the door for other creditors to seek debt protection through assignments: the pharmacy, the automobile repair shop, other medical providers. If the injured person executes an assignment to satisfy a debt that is not related to the accident, i.e., a landlord or consumer debt, the insurer would be thrust into a credit situation that is completely unrelated to the underlying accident, and the unrelated third party becomes a de facto collection agent that must prioritize and pay debts to avoid personal liability.
{¶ 25} Finally, we disfavor such assignments based upon their similarities to champertous agreements that are void as a matter of law. See Rancman v. Interim Settlement Funding Corp., 99 Ohio St.3d 121, 2003-Ohio-2721, 789 N.E.2d 217, ¶ 19. Here, West Broad agreed to forgo payment for Norregard’s treatment in exchange for an interest in future settlement proceeds. Although Norregard would remain liable for her medical bills if she did not settle, under the circumstances of this case, West Broad’s interest in potential future proceeds could influence Norregard’s interest in resolving her case, including delaying and holding out for a greater settlement because she had no current obligation to pay for her medical treatment.
{¶ 26} Therefore, our answer to the first certified question is no. A person may not assign the right to the future proceeds of a settlement if the right to the proceeds does not exist at the time of the assignment. Norregard had no present right to any settlement funds at the time of the assignment and thus had no rights to assign. West Broad had a contract that may be enforceable against Norregard, but it is not legally binding upon AFI.
Application of R.C. 3929.06
{¶ 27} The second question for review asks whether R.C. 3929.06 precludes an assignee from bringing a direct action against the third-party insurer who had *502 prior notice of the assignment but nevertheless paid the settlement proceeds contrary to the written assignment.
{¶ 28} R.C. 3929.06(B) precludes an injured person from bringing a civil action against the tortfeasor’s insurer until the injured person has first obtained a judgment for damages against the insured and the insurer has not paid the judgment within 30 days.
{¶ 29} West Broad contends that R.C. 3929.06 applies only when the insurer does not pay insurance proceeds after liability has been judicially determined. The conflict cases likewise interpreted R.C. 3929.06 more literally. Akron Square notes that the statute does not mention assignments, and the court of appeals refused to read into the statute a prohibition on assigning potential settlement proceeds. 2004-0hio-1988, 2004 WL 840131, ¶ 10. Cartwright rejected the application of R.C. 3929.06 because the injured party in that case settled without having to file suit. Thus, that court considered the statute inapplicable to the facts. 2008-Ohio-2623, 2008 WL 2231651, ¶ 18-19.
{¶ 30} The court of appeals in this case acknowledged that the statute does not directly address written assignments. W. Broad, 2008-Ohio-2647, 2008 WL 2246653, ¶ 17. Nevertheless, the court, applying the law of assignments to the statute, reasoned that if an injured person has no direct action against the tortfeasor’s insurer until 30 days after judgment and an injured person may assign only those rights that presently exist, then it follows that at the time of the assignment, Norregard had no direct right of recovery against AFI that could be assigned to West Broad. Id. at ¶ 16.
{¶ 31} This approach was also applied in Knop Chiropractic, Inc. v. State Farm Ins. Co., Stark App. No. 2003CA00148, 2003-Ohio-5021, 2003 WL 22176668. In that case, a chiropractor filed an action to enforce a patient’s assignment of prospective claim proceeds against a third-party automobile insurer. The court in Knop concluded, per R.C. 3929.06, that the assignment was not enforceable against State Farm because it was created before the injured person had filed a civil action against the tortfeasor. Thus, the assignment was not founded on a right in being and was not enforceable. Id. at ¶ 19, 20.
{¶ 32} The underlying premise of R.C. 3929.06 reinforces our conclusion that Norregard had no existing right in proceeds to assign to West Broad. Therefore, our answer to the second certified question is yes: R.C. 3929.06 precludes an assignee of prospective settlement proceeds from bringing a direct action against a third-party insurer after the insurer has distributed settlement proceeds in disregard of the written assignment.
Conclusion
{¶ 33} When Norregard executed the agreement with West Broad, she had no right in proceeds from a prospective settlement or judgment. Because there *503 must be an existing right in order for there to be a valid assignment, Norregard had nothing to assign that would have created a right in the assignee. At most, West Broad had a contractual right against Norregard for medical bills, but no legal right to enforce the agreement against AFI.
{¶ 34} In addition, Norregard had no direct right of action against AFI at the time of the assignment because she had not met the terms of R.C. 3929.06. Thus, because West Broad’s rights as assignee are no greater than Norregard’s, West Broad was also prohibited from filing a direct action against AFI.
{¶ 35} Consequently, we affirm the judgment of the court of appeals.
Judgment affirmed.
O’Donnell, J., concurs.
O’Connor and Lanzinger, JJ., concur in judgment and the answers to the certified questions only.
Moyer, C.J., and Pfeifer and Cupp, JJ., dissent.