LARRY A. JONES, SR., J., DISSENTING:
 

 {¶ 29} Respectfully, I dissent and would reverse the trial court's judgment. I agree with the majority that a charging lien is a mechanism by which an attorney may attempt to collect for services rendered, and that it may be used even if counsel was discharged at the time of judgment. The problem I have with this case is against whom the lien was asserted. I do not believe, as the majority does, that it was properly asserted against Progressive. Rather, I believe that any action KNR had in regard to the lien vested with Thomas.
 

 {¶ 30} I think the majority muddles the terms "assignment" and "lien" to reach its conclusion that KNR had a lien it can enforce against Progressive. The attorney-client agreement KNR and Thomas entered into reads:
 
 "Client hereby assigns
 
 said amount to Attorneys and authorizes Attorneys to deduct said amount from the proceeds recovered." (Emphasis added.) I, therefore, believe that this case is not distinguishable from
 
 W. Broad Chiropractic v. Am. Family Ins.
 
 ,
 
 122 Ohio St.3d 497
 
 ,
 
 2009-Ohio-3506
 
 ,
 
 912 N.E.2d 1093
 
 , wherein the Ohio Supreme Court held that " R.C. 3929.06 precludes an assignee of prospective settlement proceeds from bringing a direct action against a third-party insurer after the insurer distributed settlement proceeds."
 
 Id.
 
 at ¶ 6.
 

 {¶ 31} In light of the above, I dissent.