[Cite as *Blue Ash Auto Body, Inc. v. Frank*, 2022-Ohio-1292.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BLUE ASH AUTO BODY, INC., | : | APPEAL NO. C-210432 |
| | | TRIAL NO. 20CV-11674 |
| and | : | |
| JONATHAN KERR, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| ANDREW FRANK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 20, 2022

*Dennis A. Becker*, for Plaintiffs-Appellants,

*John P. Carlson*, for Defendant-Appellee.

**WINKLER, Judge**.

{¶1} Plaintiffs-appellants Blue Ash Auto Body, Inc., ("Blue Ash") and Jonathan Kerr appeal the judgment of the Hamilton County Municipal Court in favor of defendant-appellee Andrew Frank. We find no merit in appellants' two assignments of error, and we affirm the trial court's judgment.

{¶2} The record shows that on September 19, 2018, Kerr and Frank were involved in an automobile accident in which Frank was allegedly at fault. Kerr took his vehicle to Blue Ash for repair. In addition to a work-authorization form, Blue Ash had Kerr sign a document entitled "Assignment of Proceeds," which stated,

> I hereby assign any claim that I may have and/or proceeds that have accrued or may accrue under my insurance contract or that I may have and/or be entitled to obtain from the person at-fault in the accident * * * for the amount [Blue Ash Auto Body], in the exercise of professional judgment, deemed necessary and proper to repair my vehicle * * *.

{¶3} The repair costs totaled $20,966.86. Frank's insurance company paid $11,884.61, leaving a balance due of $9,082.25. A complaint was filed against Frank, naming both Kerr and Blue Ash as plaintiffs. In count one, appellants sought to recover the amount of the balance due for the repairs. In count two, they sought to recover damages of $3,000 for the diminution in the value of the repaired vehicle.

{¶4} Once the repairs were made, Blue Ash never notified Kerr that he owed additional money for the repairs, that it was going to attempt to recover the additional funds from Frank, or that he would be responsible for the remaining $9,082.25. Kerr's understanding was that the payment from Frank's insurance company would cover the entire repair cost for the vehicle.

{¶5} When Kerr was asked if he "knew there was going to be a lawsuit," he stated, "I knew that they were asking me * * * if I wanted to participate in the lawsuit for the recovery of the diminution in value." When he was asked if Blue Ash had asked

him if he would like them to seek compensation for the diminution in value, he replied, "Well, yeah," but he also stated that he never discussed attempting to recover the additional cost of repair. Kerr had no further contact with Blue Ash about the costs of the repairs or the diminution in value. He did not know that his name was on the complaint until the day his deposition was taken, and he stated that he was not represented by his own attorney.

{¶6} Frank filed a motion for summary judgment on count one of the complaint, for the unpaid repair costs, which the trial court granted. It found that Blue Ash "lacked standing" to maintain that claim. It found that the assignment of proceeds was ineffective at the time it was executed because liability had yet to be established and no settlement proceeds existed.

{¶7} As to the diminution-in-value claim in count two, the case proceeded to a trial before a magistrate. The magistrate found that the evidence as to the loss of value was "speculative at best." Appellants filed objections to the magistrate's decision. The trial court overruled the objections, adopted the magistrate's decision, and granted judgment in favor of Frank, "at Plaintiff's cost." It found that appellants had failed to meet their burden to show the amount of the diminished value. This appeal followed.

{¶8} In their first assignment of error, appellants contend that the trial court erred in granting summary judgement in favor of Frank on count one of the complaint. They argue that genuine issues of material fact exist as to damages on their "chose in action" for the remainder of the repair costs. This assignment of error is not well taken.

{¶9} An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Chateau Estate Homes, LLC v. Fifth Third Bank*, 2017-Ohio-6985, 95 N.E.3d 693, ¶ 10 (1st Dist.). Summary judgment is appropriate if (1) no genuine

3

issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Chateau Estate Homes* at ¶ 10.

{¶10} The moving party bears the initial burden of informing the court of the basis for its motion and demonstrating the absence of any genuine issues of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 282-293, 662 N.E.2d 264 (1996); *Maas v. Maas*, 2020-Ohio-5160, 161 N.E.3d 863, ¶ 14 (1st Dist.). Once the moving party has met its burden, the nonmoving party has a reciprocal burden to set forth specific evidentiary facts showing the existence of a genuine issue for trial. *Dresher* at 293; *Maas* at ¶ 14. The nonmoving party cannot rest on conclusory allegations or self-serving interpretations of the evidence presented. *Dresher* at 293; Maas at ¶ 14.

{¶11} Appellants rely on *Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co.*, 112 Ohio St.3d 482, 2006-Ohio-6551, 861 N.E.2d 121. In that case, the Ohio Supreme Court held that all contract rights may be assigned, except under three conditions: (1) if there is clear contractual language prohibiting assignment; (2) if the assignment materially changes the duty of the obligor, materially increases the insurer's burden or risk under the contract, materially impairs the insurer's chance of securing a return on performance, or materially reduces the contract's value; or (3) if assignment is forbidden by statute or by public policy. *Id.* at ¶ 36. Blue Ash argues that under *Pilkington*, a "chose in action," a right to bring an action, is assignable when the covered loss has already occurred. *See id.* at ¶ 43.

{¶12} In *W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 2009-Ohio-3506, 912 N.E.2d 1093, the Supreme Court "further clarified its anti-assignment jurisprudence * * *." *Mercedes-Benz of W. Chester v. Am. Family Ins.*, 12th Dist. Butler Nos. CA2009-09-244, CA2009-09-245 and CA2009-09-246, 2010-Ohio-2307,

4

¶ 14. In *W. Broad Chiropractic*, a driver was injured in an automobile accident. To obtain treatment from a chiropractor, she executed a document assigning her right to receive compensation from the tortfeasor's insurance company to the chiropractor.

**{¶13}** The Ohio Supreme Court held that the assignment was invalid. It stated, "A person who has been injured in an accident but who has not yet established liability for the accident and a present right to the settlement proceeds may not assign the right to future proceeds of the settlement if the right does not exist at the time of the assignment." *W. Broad Chiropractic* at ¶ 5. Because no settlement proceeds existed at the time of the assignment, and the driver had no right to any funds, she had no rights to assign. *Id.* at ¶ 16. In a later case, the Supreme Court stated, "it is only after a judgment has been secured against an insured that '[t]he amount of the policy to the extent of liability incurred by the insured is deemed to be an asset of the insured.' " *In re all Cases against Saber Corp.*, 132 Ohio St.3d 5, 2012-Ohio-1444, 967 N.E.2d 1203, ¶ 31, quoting *Steffens v. Am. Std. Ins. Co. of Wisconsin,* 181 N.W.2d 174, 178 (Iowa 1970).

**{¶14}** There are slight differences between this case and *W. Broad Chiropractic*. Appellants contend that *W. Broad Chiropractic* is distinguishable because in that case, the driver was attempting to enforce an assignment for settlement proceeds against the tortfeasor's insurance company. In this case, Kerr had assigned the right to Blue Ash to seek recovery from the tortfeasor, not settlement proceeds from the insurance policy. Further, in this case Kerr assigned both the claims and the proceeds to Blue Ash. In *W. Broad Chiropractic*, the driver only assigned the proceeds.

**{¶15}** In this context, we believe these nuances are distinctions without a difference. The Supreme Court's ultimate holding in *W. Broad Chiropractic* is broad. It states, "A person may not assign the right to the future proceeds of a settlement if

5

the right to the proceeds does not exist at the time of the assignment." *W. Broad Chiropractic*, 122 Ohio St.3d 497, 2009-Ohio-3506, 912 N.E.2d 1093, at ¶ 26.

{¶16} In reaching that holding, the court discussed the many public policy reasons against such an assignment. It noted that such an assignment might encourage and promote litigation and discourage settlement. An assignee "expects full payment and lacks interest in negotiating the amount of the debt." *W. Broad Chiropractic* at ¶ 22. The court also stated that "[u]pholding the legality of such assignments opens the door for other creditors to seek debt protection through assignments: the pharmacy, the automobile repair shop, other medical providers." *Id.* at ¶ 24.

{¶17} Finally, the court stated, "[W]e disfavor such assignments based upon their similarities to champertous agreements that are void as a matter of law." *Id.* at 25. Champerty is a subset of maintenance. Maintenance is assistance to a litigant in pursuing or defending a lawsuit provided by someone who does not have a bona fide interest in the case. *Rancman v. Interim Settlement Funding Corp.*, 99 Ohio St.3d 121, 2003-Ohio-2721, 789 N.E.2d 217, ¶ 10. Champerty is a form of maintenance in which a nonparty undertakes to further another's interest in a suit in exchange for a part of the litigated matter if a favorable result ensues. *Id.* The assignment in this case is very similar to these types of "vilified" agreements. *See id.* at ¶ 11.

{¶18} A number of courts have interpreted *W. Broad Chiropractic* broadly to invalidate similar types of assignments. *See Three-C Body Shops, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2017-Ohio-1462, 81 N.E.3d 499 (10th Dist.); *Mercedes-Benz*, 12th Dist. Butler Nos. CA2009-09-244, CA2009-09-245 and CA2009-09-246, 2010-Ohio-2307. In a case specifically involving Blue Ash and a similar assignment, a federal district court found that *Pilkington* was distinguishable and held that the assignment was invalid. *See Blue Ash Auto Body v. State Farm Mut. Ins. Co.*, S.D.Ohio No. 1:20-cv-393, 2021 U.S. Dist. LEXIS 44354 (Mar. 20, 2021), *affirmed on other grounds*, 6th

Cir. No. 21-3365, 2021 U.S. App. LEXIS 36105 (Dec. 3, 2021). We agree with the reasoning of these cases.

{¶19} Appellants further contend that even if the trial court's analysis is correct, it only applies to Blue Ash. They argue that Kerr is a plaintiff and that the trial court erred in granting summary judgment against Kerr. The circumstances under which Kerr became a plaintiff are problematic and could possibly involve conflicts of interest. But we need not reach those issues.

{¶20} Kerr never established his damages. His truck was repaired to the manufacturer's specifications. He testified that he had no complaints about the repairs and that he uses the truck on a regular basis. He didn't even know that there was an outstanding balance for the repairs or that Blue Ash was pursuing a claim for that balance. In a case with similar facts, the court concluded that the vehicle owners had failed to establish damages. *See Valley Paint & Body v. Ins. Co. of the State of Pa.*, 12th Dist. Clermont No. CA2010-08-059, 2011-Ohio-1307, ¶ 18-22.

{¶21} We hold that the trial court correctly found that the assignment was invalid, and that it properly granted summary judgment in favor of Frank on count one of the complaint. Consequently, we overrule appellants' first assignment of error.

{¶22} In their second assignment of error, appellants contend that the trial court's finding in favor of Frank after the trial on count two of the complaint was against the manifest weight of the evidence. They argue that their expert witness's testimony established the existence of damages for diminution in value. This assignment of error is not well taken.

{¶23} Generally, the owner of a damaged motor vehicle may recover the difference between its market value immediately before and immediately after the collision. *Falter v. Toledo*, 169 Ohio St. 238, 158 N.E.2d 893 (1959), paragraph one of the of the syllabus; *Williams v. Sharon Woods Collision Ctr., Inc.*, 2018-Ohio-2733, 117 N.E.3d 57, ¶ 9 (1st Dist.); *Rakich v. Anthem Blue Cross & Blue Shield*, 172 Ohio

App.3d 523, 2007-Ohio-3739, 875 N.E.2d 993, ¶ 9 (10th Dist.). The owner of a vehicle may prove and recover the reasonable costs of repairs provided that the recovery may not exceed the difference immediately before and after the collision. *Falter* at paragraph two of the syllabus; *Sharon Woods Collision Ctr.* at ¶ 9. Thus, when proving damages to a vehicle with evidence of cost of repairs, the plaintiff is ordinarily also required to present evidence of the market value of the vehicle before and after the accident so that the court may ensure that the cost of repairs does not exceed the difference in market value. *Falter* at 240; *Rakich* at ¶ 11.

{¶24} Appellants' expert witness, Steve Wurtz, the president and owner of Blue Ash, testified about the cost of the repairs and that the cost was reasonable. But appellants never presented evidence of the truck's market value immediately before and after the accident. Wurtz discussed generally a vehicle's loss of value after it had been damaged and repaired, but not specifically as to Kerr's vehicle. Wurtz did not know the value of any comparison vehicles in a similar condition to Kerr's truck.

{¶25} Kerr was not able to testify as to the truck's fair market value. He "guessed" that his vehicle was worth "maybe $30,000" after the repairs. He said that he looked up the Kelly Blue Book figure a year before the trial, but he could not remember what the figure was. When asked his opinion as to the value of the truck at the time of the loss if he "had gone to trade it or sell it before the loss," he stated, "[P]robably about $5,000 * * * that I would assess it to be." But he gave no basis for that determination. Kerr accepted the vehicle after Blue Ash had performed the repairs, and he testified that he had no plans to sell it.

{¶26} After reviewing the record, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice. Therefore, its decision as to the diminution-in-value claim was not against the manifest weight of the evidence. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12-21; *Downtime Rebuild, LLC v. Trinity Logistics, Inc.*, 2019-Ohio-1869, 135 N.E.3d 1253,

¶ 12-13 (1st Dist.).  We overrule appellants' second assignment of error and affirm the trial court's judgment.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.